

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
~~~~~~~~~~~~~~~~~
ATTORNEY GENERAL

Honorable H. A. McClain
County Attorney, Williamson County
Georgetown, Texas


Dear Sir:                          Opinion No. O-5829
                                   Re: Authority of County
                                       Clerk to record
                                       surveys.


        This will acknowledge receipt of your letter of
January 21, 1944, pertinent parts of which are hereinafter
set out:

        "Mr. Sidney Perrin is the duly elected and
    qualified county surveyor of Williamson County,
    Texas.  He is also a licensed State Land Surveyor
    having qualified as such and has in his possession
    his seal of office, and said seal makes this nota-
    tion: 'Licensed State Land Surveyor.'  After Mr.
    Sidney Perrin makes the survey setting out the
    field notes in full he then makes the certificate
    and certifies that he is a Licensed State Land
    Surveyor, that he made the survey as shown, and
    signs this certificate, and attached to the cer-
    tificate is the seal as above noted.  Question:
    'Is the County Clerk authorized under the law to
    record surveys made as above described with only
    the certificate of the Licensed State Land Surveyor?'
    Our County Clerk contends that all of these surveys
    must be notarized before they can be recorded.  I
    would appreciate your answer to the above question
    in order that I may advise the County Clerk."


        Article 5290, Vernon's Revised Civil Statues, 1925,
provides, in part, as follows:

        "Each county surveyor shall record in a well
    bound book all the surveys in his county with the
    plats thereof that he may make whether private or
    official."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 5287 of said statutes further provides that "each county surveyor shall receive and examine all field notes of surveys made in said county upon which patents are to be obtained and shall certify to the same according to law, and record such field notes in a book to be kept by him for that purpose and he shall perform such other duties as may be required of him by law. The commissioners' Court shall furnish him all necessary books of record." It seems that the law contemplates in counties having a county surveyor that such county surveyor do his own recording and keep his own records, but, if the County Clerk assumes this responsibility for the county surveyor, and records and keeps such records in the County Clerk's Office, he should not require any certification of such records different from that required by law. A state of facts closely related to this was passed on by this department in an opinion delivered in 1941, numbered O-3432, in which a similar view was taken as next above expressed.

While Articles 5276 and 5277 were amended by the Legislature, after the said prior opinion was rendered, there was no change made in them that would render said opinion obsolete, or in any way affect its application in this matter. A copy of said opinion is attached hereto for further amplification.

In view of the above quoted statutes, and the said former opinion, this department holds that the County Clerk of your County is permitted to record surveys for and under the direction of your County Surveyor, such recorded surveys being certified to by the County Surveyor or any other duly Licensed State Land Surveyor, without being notarized, as a certificate by a notary would neither add to nor detract from the legality of the proceedings.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Robert L. Lattimore Jr.
Robert L. Lattimore, Jr.
Assistant

APPROVED OPINION COMMITTEE BY CHAIRMAN

RLL:BP

encl.